IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | :<br>:<br>: CRIMINAL ACTION |
| vs. | :<br>: No. 19-64-5 |
| JOHN DOUGHERTY, ROBERT HENON, BRIAN BURROWS, MICHAEL NEILL, MARITA CRAWFORD, NIKO RODRIGUEZ, BRIAN FIOCCA AND ANTHONY MASSA | :<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT MARITA CRAWFORD'S MOTION FOR SEVERANCE

TO THE HONORABLE JEFFREY SCHMEHL, Judge of the United States District Court for the Eastern District of Pennsylvania:

Defendant Marita Crawford, by and through her attorney, Fortunato N. Perri, Jr., submits the following motion requesting severance pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a).

1. Marita Crawford was charged in Counts 1, 12, 14, 21, 41, 50, 52, 57, 68, 70 and 72 in a 159-page, 116-count indictment filed on January 29, 2019, alleging multiple charges of: criminal conspiracy; embezzlement of labor union assets; theft from employee benefits plan; wire fraud; false statements; falsification of labor union records; making and subscribing to false federal income tax returns; accepting unlawful payment from an

employer; honest services wire fraud; honest services mail fraud; and federal program bribery.

2. The offenses alleged in Counts 1-87 relate to a conspiracy to embezzle labor union and employee benefits plan assets from the International Brotherhood of Electrical Workers, also known as "Local 98."

3. The offenses charged in Counts 88-96 of the indictment relate to a conspiracy charging John Dougherty, Local 98's Business Manager, with conspiracy to accept unlawful payments from an employer in violation of Section 302 of the Labor Management Relations Act.

4. The offenses charged in Counts 97-116 of the indictment relate to a conspiracy between Dougherty and City Councilman Robert Henon to conspire to commit honest services fraud and federal program bribery.

5. The indictment does not specifically allege that the three conspiracies are part of the same transaction or part of an overarching general conspiracy.

6. The three groups of charges described above involve different acts, different participants, different witnesses, and have no evidence in common. Joinder is therefore improper under Federal Rule of Criminal Procedure 8(b).

7. Severance is also warranted under Federal Rule of Criminal Procedure 14 because Ms. Crawford's right to a fair trial will be severely prejudiced if she is forced to stand trial on Counts 1-116 of the indictment, which will include evidence relating to the two conspiracies she is not alleged to have joined. The impact of the evidence of these unrelated conspiracies will improperly spill over, compromising Ms. Crawford's right to a fair trial and preventing the jury from considering only the admissible evidence against Ms. Crawford separately.

8. Further, the interests of efficiency and judicial economy that underlie joinder are not served by a joint trial here, as the cases involve different witnesses, participants, time periods and evidence.

9. The government's joinder of three unrelated conspiracies mandates the requested severance of counts under Fed. R. Crim. P. 8(b) and 14.

WHEREFORE, for these reasons, as well as those discussed in defendant's accompanying memorandum of law, Ms. Crawford respectfully asks this Court to order severance of Counts 1-87 from Counts 88-116 of the indictment.

Respectfully submitted,

S/FORTUNATO N. PERRI, JR.
Fortunato N. Perri, Jr., Esquire
MCMONAGLE PERRI
MCHUGH MISCHAK DAVIS
1845 Walnut Street, 19th Floor
Tel: (215) 981-0999; Fax: (215) 981-0977

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL ACTION** |
| vs. : | |
| : | **No. 19-64-5** |
| **JOHN DOUGHERTY, ROBERT HENON, BRIAN BURROWS, MICHAEL NEILL, MARITA CRAWFORD, NIKO RODRIGUEZ, BRIAN FIOCCA AND ANTHONY MASSA** : | |

### DEFENDANT MARITA CRAWFORD'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SEVERANCE

TO THE HONORABLE JEFFREY SCHMEHL, Judge of the United States District Court for the Eastern District of Pennsylvania:

Defendant Marita Crawford, by and through her attorney, Fortunato N. Perri, Jr., submits the following memorandum of law in support of her motion requesting severance pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a).

### I.  INTRODUCTION

On January 29, 2019, federal authorities in the Eastern District of Pennsylvania ended their long-running investigation into the activities of the International Brotherhood of Electrical Workers ("Local 98") by issuing a 116-count indictment in which eight individuals were charged with a variety of crimes stemming from three separate criminal

conspiracies. The indictment alleged that seven of the eight charged defendants conspired to embezzle money and other assets from Local 98 and its Apprentice Training Fund from April 2010 until August 2016. Local 98 Business Manager John Dougherty, Local 98 President Brian Burrows, Political Director Marita Crawford, and others allegedly conspired and agreed to embezzle Local 98 funds for their own personal use and the use of their family, friends, and commercial business establishments in violation of federal law and contrary to the provisions of the IBEW Constitution, the by-laws of Local 98 and the interests of the members of Local 98.

The second charged conspiracy alleged that John Dougherty conspired with George Peltz, the owner of MJK Electric, to accept unlawful payments from an employer in violation of Section 302 of the Labor Management Relations Act.[1] Dougherty allegedly: accepted money, goods and services from Peltz in exchange for helping MJK Electric to become a preferred vendor with Comcast; caused Local 98's Job Recovery Fund to pay MJK Electric more than $1,600,000; caused Local 98 to hire MJK Electric for projects completed at union facilities; steered other union contractors' electrical work to MJK Electric; and hired a member of Peltz's family at Local 98 and paid him approximately $15,900 for hours not worked.

The third charged conspiracy involved John Dougherty and Philadelphia City Councilman Robert Henon. According to the indictment, Dougherty and Henon conspired to commit honest services fraud and federal program bribery. The indictment alleged that at Dougherty's request, Henon: abused his power to discourage the use of non-union labor

---

[1] George Peltz was charged in a separate indictment and is not a defendant in this case.

at Children's Hospital of Philadelphia; allowed Dougherty to influence a franchise agreement with Comcast; drafted legislation and resolutions that favored Dougherty's interests; and abused his City Council position to threaten Dougherty's political opponents.

Each of these three charged conspiracies involves different defendants, witnesses, and timeframes. As discussed below, the charges relating to each conspiracy must be tried separately pursuant to Federal Rule of Criminal Procedure 8(b) because there is no commonality or nexus between them that would allow for their lawful joinder. Additionally, the charges should be severed under Federal Rule of Criminal Procedure 14 because of the substantial prejudice that will inure from consolidating the charges for a single trial.

### A. Conspiracy to Embezzle from Labor Union and Employee Benefits and Related Charges: Counts 1-87

According to the indictment, the seven defendants charged in the embezzlement conspiracy – John Dougherty, Brian Burrows, Michael Neill, Marita Crawford, Niko Rodriguez, Brian Fiocca and Anthony Massa – employed the following manner and means to carry out their conspiracy: (a) they unlawfully used the funds and assets of Local 98 by expending union funds for personal and other unauthorized expenses; (b) they unlawfully used the funds and assets of the union's Apprentice Training Fund by using these funds for personal and unauthorized expenses; and (c) they concealed the unlawful use of the funds and assets of Local 98 and the Apprentice Training Fund by falsely reporting that the funds were used for legitimate, business-related expenses of Local 98 and the Apprentice Training Fund.

Counts 1-87 of the indictment, which relate to the embezzlement conspiracy, were charged as follows:

a. **Count 1: Conspiracy to Embezzle from Labor Union and Employee Benefits Plan, 18 U.S.C. § 371**

The seven above-named defendants were charged with conspiracy and alleged to have committed the following overt acts:

- Theft of Local 98 and Apprentice Training Funds to pay for construction and other services;
- Acts involving the use of Local 98 credit cards for personal goods;
- Acts involving the use of Local 98 credit cards for personal meals;
- Acts involving the use of Local 98 credit cards for expenses associated with personal travel;
- Acts involving fraudulent reimbursement for personal expenses;
- Acts involving Theft of Local 98 petty cash and funds for personal purchases and to purchase concert and sporting event tickets;
- Acts involving the use of Local 98 employees for personal tasks and errands; and
- Acts involving payments to non-employees and no-show employees and overpayment of favored Local 98 employees.

b. **Counts 2-41: Embezzlement and Theft of Labor Union Assets, 29 U.S.C. § 501(c)**

Counts 2 through 41 of the indictment charge each of the conspiracy members with specific instances of theft and embezzlement relating to: unauthorized construction and repair work on their personal residences or commercial properties; the purchase of personal goods at stores including Target, IKEA and Lowe's; and the use of Local 98 credit cards for personal hotel stays and restaurant meals from 2014 through 2016.

  **c. Count 42: Theft from Employee Benefit Plan, 18 U.S.C. § 664**

Count 42 of the indictment charges Michael Neill and Anthony Massa with stealing assets of the Apprentice Training Fund to pay for roof repairs and other construction work at Neill's residence by Massa Construction.

  **d. Counts 43-66: Wire Fraud Thefts from Local 98, 18 U.S.C. § 1343**

Counts 43-66 of the indictment charge John Dougherty, Marita Crawford, Niko Rodriguez and Brian Fiocca with wire fraud thefts for using the American Express credit cards issued to Local 98 to pay for personal goods, food, meals, travel and transportation.

  **e. Counts 67-68: Wire Fraud Thefts from Political Action Committee, 18 U.S.C. § 1343**

Counts 67 and 68 of the indictment charge John Dougherty and Marita Crawford with obtaining money and property from NewGen1, a political action committee (PAC), by using a debit card associated with the NewGen1 bank account to purchase $2,000 worth of gift cards from a Brooks Brothers store in Philadelphia and to pay for a dinner at Palladino's restaurant.

  **f. Count 69: False Statements to the FBI, 18 U.S.C. § 1001(a)(2)**

Count 69 of the indictment charges Anthony Massa with lying to the FBI and alleges that he told FBI agents he had not billed Local 98 for work performed by Massa Construction on John Dougherty's personal residences.

      **g.**    **Counts 70-71 Falsification of Annual Financial Report Filed by Labor Union, 29 U.S.C. § 431(b) and 439(b)**

Counts 70 and 71 of the indictment charge John Dougherty, Brian Burrows, and Marita Crawford with making false statements in an annual report form filed for Local 98's fiscal years 2015 and 2016.

      **h.**    **Counts 72-73 Falsification of Annual Financial Records Required to be Kept by Labor Union, 29 U.S.C. § 436 and 439(c)**

Counts 72 and 73 of the indictment charge John Dougherty, Brian Burrows and Marita Crawford with making false entries in expense reports and reimbursement paperwork filed with the United States Department of Labor.

      **i.**    **Counts 74-87: Filing False Federal Income Tax Returns, 26 U.S.C. § 7206(1)**

Counts 74-87 charge John Dougherty, Brian Burrows and Michael Neill with failing to report income on their federal income tax returns from 2012-2016.

**B.**    <u>**Conspiracy to Accept Unlawful Payments from an Employer: Counts 88-96**</u>

The second charged conspiracy involves only Dougherty and George Peltz, the owner and operating officer of MJK Electric, an electrical construction company whose employees are represented by Local 98. According to the indictment, Dougherty accepted money and goods from Peltz. In exchange for these items, Dougherty steered union contractor's electrical work to MJK Electric, hired MJK Electric for union projects, and helped MJK Electric become a preferred vendor with Comcast, resulting in contractor

6

payments of more than $2,000,000 from Comcast. Counts 88-96 of the indictment relate to this second conspiracy.

      **j.**      **Count 88: Conspiracy to Accept Unlawful Payments from an Employer, 18 U.S.C. § 371**

Count 88 of the indictment charges John Dougherty with conspiring with George Peltz. The indictment alleges that from January 2012 until December 2016, Dougherty demanded and received money, products and services from MJK Electric in exchange for: helping MJK Electric become a preferred vendor with Comcast; causing Local 98's Job Recovery Fund to pay MJK Electric more than $1,600,000; causing Local 98 to hire MJK Electric for projects primarily completed at union facilities; steering other union contractors' electric work to MJK Electric; and hiring a member of Peltz's family at Local 98 and paying him approximately $15,900 for hours not worked.

      **k.**      **Counts 89-96: Accepting Unlawful Payments from an Employer, 29 U.S.C. § 186(a)(2), (b)(1), and (d)(2)**

Counts 89-96 of the indictment charge John Dougherty with unlawfully accepting various items from MJK Electric, including several large screen televisions, free home repair for Dougherty's family members, a security system, and $3,000 in gift cards and gift certificates at a clothing store.

**C.**      <u>Conspiracy to Commit Honest Services Fraud and Federal Program Bribery</u>

The third conspiracy charged in the indictment implicates Dougherty and City Councilman Robert Henon, who is not charged elsewhere in the indictment. Dougherty

and Henon are alleged to have conspired to deprive the citizens of Philadelphia of the right to Henon's honest services as a City Councilman. Counts 97-116 of the indictment relate to this conspiracy.

### 1. Count 97: Conspiracy to Commit Honest Services Fraud and Federal Program Bribery, 18 U.S.C. § 371

Count 97 of the indictment charges John Dougherty of conspiring with Philadelphia City Councilman Robert Henon to defraud the citizens of Philadelphia of the right to Henon's honest services in the affairs of the City of Philadelphia. The indictment alleges that Dougherty provided Henon with benefits including a salary from Local 98 and tickets to sporting events with the intent of influencing Henon in his capacity as a Philadelphia City Councilman. Accordingly, Henon, at Dougherty's direction, engaged in the following acts:

- Henon caused L&I to inspect, and some cases shut down, construction work where non-union laborers were involved in electrical work construction activity;
- Henon drafted and advocated legislation that was favorable to Dougherty's personal, professional or financial interests;
- Henon allowed Dougherty to demand concessions by Comcast during franchise contract negotiations between Comcast and the City of Philadelphia;
- Henon caused L&I to discourage the use of non-union labor at Children's Hospital of Philadelphia;
- Henon drafted a towing resolution at Dougherty's direction;
- Henon abused his City Council position to threaten Dougherty's political opponents;

- Henon opposed a Philadelphia Parking Authority Audit at the request of Dougherty; and

- Henon delayed pending Plumbing Code legislation at Dougherty's request.

**m.     Counts 98-108: Honest Services Wire Fraud, 18 U.S.C. §§ 1343, 1346**

Counts 98-108 of the indictment charge Dougherty and Henon with honest services wire fraud for: transmitting information via wire; transmitting information via telephone; sending e-mails; and making electronic transfers in connection with their conspiracy to commit honest services fraud.

**n.     Count 109: Honest Services Mail Fraud, 18 U.S.C. §§ 1341, 1346**

Count 109 charges John Doughety and Robert Henon with honest services mail fraud for mailing a notice of violation from L&I in Philadelphia to the Children's Hospital of Philadelphia.

**o.     Counts 110-112: Honest Services Wire Fraud, 18 U.S.C. §§ 1343 and 1346**

Counts 111 and 112 charge Robert Henon with the electronic transfer of digital copies of checks written on the account of The Communication Workers of America labor union to Henon's campaign account.

**p.     Counts 113-116: Federal Program Bribery, Accepting and Soliciting, 18 U.S.C. § 666(a)(1)(B)**

9

Finally, Counts 113 to 116 charge Henon with receiving benefits in excess of $10,000 from federal programs to influence his vote against a Philadelphia Parking Authority audit and accepting campaign contributions to put pressure on Verizon to settle a labor dispute with the Communications Workers of America labor union.

## II. APPLICABLE LEGAL STANDARDS AND ANALYSIS

### A. Offenses Relating to Three Distinct Criminal Conspiracies were Improperly Joined and Federal Rule of Criminal Procedure 8(b) Mandates their Severance

As the above discussion of the charges makes clear, the United States has improperly joined crimes pertaining to three distinct criminal conspiracies in a single indictment in violation of Pennsylvania Rule of Criminal Procedure 8. Rule 8 provides as follows:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(a)(b).

Joinder of offenses is not discretionary; if either offenses or defendants are improperly joined under Rule 8, severance must be granted. *United States v. Serubo*, 460 F. Supp. 689 (E.D. Pa. 1978).

Convenience and judicial efficiency are the policy justifications for joinder. "As generally recognized, Rule 8 balances court convenience and prejudice against defendants by joinder of offenses and defendants." *Id.*, 460 F. Supp. at 693. Because this case involves multiple defendants, the standards applicable to both offenses and defendants are governed by Rule 8(b). *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003). Accordingly, to support joinder under Rule 8(b), the separate charges must arise from the same transaction or occurrence. To meet this standard the indictment must show, at a minimum, that the charges involve a "common scheme or plan." *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991). When there is no substantive commonality, counts are misjoined and severance is mandatory under Rule 8(b), even without a showing of prejudice. *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986).

*Sub judice*, the three charged conspiracies and their related offenses share no "transactional nexus" and are not even of the same or similar character. The first charged conspiracy accuses seven of the eight defendants of using Local 98 and Apprentice Training Funds for personal and unauthorized expenses in violation of federal law. The charges relating to this conspiracy involve the defendants' use of union assets to pay for personal travel, meals, merchandise and concert tickets, and to provide free union labor and materials for home and personal business renovations and repairs, as well as charges relating to their concealment of the unlawful use of funds and assets by falsely representing that the funds were being used for legitimate union business-related expenses.

The second charged conspiracy, which only implicates Dougherty, involves allegations of an electrical construction company buying Dougherty's favor with money and luxury items in exchange for illegal favorable treatment by Local 98.

11

Finally, the third charged conspiracy involves allegations that Dougherty influenced a Philadelphia City Councilman to do his bidding by paying him and providing him with other personal benefits in exchange for the councilman's agreement to perform official acts that would personally benefit Dougherty and his interests, as well as those of his family and friends.

The only similarity between these three conspiracies is that they each implicate Local 98 Business Manager John Dougherty. This fact alone, however, cannot support joinder of these three sets of distinct crimes. *See, i.e., United States v. Nettles*, 570 F.2d 547, 551 (5th Cir. 1978) (when the nexus between two different groups is limited to a few individuals common to each, but those individuals allegedly commit separate acts which involve them in separate offenses with no common aim, the requisite substantial identity of facts is not present and joinder is improper").

Further, the public policy supporting joinder is not served because the evidence supporting each conspiracy and their related charges is separate and distinct. Each conspiracy implicates different defendants, involves different witnesses, and involves different timeframes. Since there is no overlap of witnesses or evidence, there would be no benefit in trying these unrelated cases together. Joinder of these three conspiracies violates Rule 8(b) and severance must be granted.

### B. Counts 1-87 Should be Severed from Counts 88-96 and Counts 97-116 Pursuant to Federal Rule of Criminal Procedure 14

Even if this Court concludes that charges relating to the three conspiracies were not misjoined, Ms. Crawford submits that severance is appropriate under Federal Rule of

12

Criminal Procedure 14. Rule 14, entitled "Relief from Prejudicial Joinder," provides in relevant part as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a). The decision of whether to grant severance under Rule 14 lies within the discretion of the Court. *United States v. Eufrasio, supra*, 935 F.2d at 568. The rule also requires the Court to balance the need for judicial economy against the right of the defendant not to suffer unfair prejudice from the joinder. *United States v. Joshua*, 976 F.2d 844, 847 (3d Cir. 1992) (reversed on other grounds).

Here, as discussed above, judicial economy is not served by the joinder of three unrelated criminal conspiracies that share no common defendants, witnesses or evidence. Because Counts 1-87, Counts 88-96 and Counts 97-116 are not connected to each other in any logical way, under Federal Rule of Evidence 404(b) evidence of each of the conspiracies would not be admissible in separate trials unless the government could establish the evidence is relevant as proof of motive opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Accordingly, evidence involving the embezzlement scheme would not be admissible in the trials involving the other two conspiracies. Likewise, evidence involving the honest fraud conspiracy and conspiracy to accept unlawful payments from an employer would not be admissible in the embezzlement trial. Accordingly, joinder in the instant case fails to promote the efficient and economical administration of justice, which is the sole justification for joinder of offenses in a single indictment. *See Eufrasio, supra*, 935 F.2d at 568 (a judicial economy analysis should focus

on whether the "same evidence would be presented at separate trials of defendants charged with a single conspiracy").

This Court must balance the negligible benefits of joinder here against the very real prejudice Ms. Crawford will face if she is tried with evidence relating to the two separate conspiracies she is not charged with participating in. In addition to the extensive embezzlement evidence relating to the first 96 counts of the indictment, the jury will necessarily hear evidence about Dougherty's efforts to bribe Councilman Henon and the goods and services Dougherty received from George Peltz to curry favor for MJK Electric. The potential prejudicial spillover from this evidence is substantial, and will make it difficult for a jury to separate Ms. Crawford's conduct from that of the defendants involved in the other two schemes. *See U.S. v. Camiel*, 689 F.2d 31, 38 (3d. Cir. 1982) (affirming judge's finding that there was a spillover of evidence based upon evidence of multiple different schemes involving defendant). Accordingly, even if joinder of these three distinct conspiracies is somehow deemed proper, Ms. Crawford respectfully submits that the joinder of all 116 counts for trial creates substantial unfair prejudice and asks this Court to exercise its discretion to grant severance under Rule 14.

## III. <u>CONCLUSION</u>

For all of the above-stated reasons, Ms. Crawford respectfully asks this Court to rule that Counts 1-87 of the indictment are improperly joined with Counts 88-96 and Counts 97-116 and order that these charges be severed.

Respectfully submitted,

S/ FORTUNATO N. PERRI, JR.
Fortunato N. Perri, Jr., Esquire
MCMONAGLE PERRI
MCHUGH MISCHAK DAVIS
1845 Walnut Street, 19th Floor
Tel: (215) 981-0999; Fax: (215) 981-0977

## CERTIFICATE OF SERVICE

**FORTUNATO N. PERRI, JR., Esquire**, hereby certifies that a true and correct copy of the within Motion has been filed and served electronically.

s/FORTUNATO N. PERRI, JR., ESQUIRE
**FORTUNATO N. PERRI, JR., ESQUIRE**
**Attorney for defendant**
**1845 Walnut Street, 19th floor**
**Philadelphia, PA 19103**
**(215) 981-0999; Fax (215) 981-0977**

**DATED: April 9, 2019**