IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 19-64-5 |
| MARITA CRAWFORD | : |

**O R D E R**

AND NOW, this      day of                  , 2025, upon consideration of the Defendant's *pro se* letter request for early termination of supervised release and the Government's Opposition thereto, and for good cause shown, it is hereby

O R D E R E D

that the defendant's request is DENIED.

BY THE COURT:

_____
**HON. JEFFREY L. SCHMEHL**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 19-64-5 |
| MARITA CRAWFORD : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO SE LETTER REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant Marita Crawford, who, while serving as an officer and fiduciary of a labor union, embezzled funds from that union and defrauded and took money from a political action committee funded by that union, has requested that the Court terminate her term of supervised release early. The requested relief is not permitted, and would not be warranted if it were. Her request should be denied.

**I.     FACTUAL & PROCEDURAL HISTORY**

For years leading up to her indictment, the defendant worked as an officer and fiduciary of Local 98 of the International Brotherhood of Electrical Workers (IBEW). While employed as its Political Director, she abused her position of trust to steal from Local 98. Crawford used her Local 98 credit card to pay for personal expenses for the benefit of herself and others, including codefendant John Dougherty. For some of these illegal expenditures, she also submitted false business-related explanations of the expenses to the union to disguise the illegal nature of the transactions.

In addition, the defendant engaged in a scheme with Dougherty to defraud and obtain money from a political action committee (PAC) called "New Gen1." The New Gen1 PAC was funded primarily by contributions from Local 98's committee on political education and by the IBEW's similar fund in Washington, D.C. Under state law and the rules of the PAC, the funds of the New Gen1 PAC could be used only for the purpose of influencing the outcome of a nomination contest or election, and not for any personal purpose. Crawford was one of the signatories with authority to spend New Gen1 funds, and she spent New Gen1 funds on personal purchases for herself and others.

A guilty plea agreement was entered between the defendant and the government. As part of that plea agreement, the defendant agreed to waive her right to seek collateral relief from the sentence imposed by this Court. The Court imposed sentence on the defendant on February 21, 2024. The sentence included a very short period of incarceration (15 days) to begin on April 9, 2024, and a three-year term of supervised release, which commenced on April 22, 2024.

Less than a year into her term of supervised release, by a *pro se* letter dated February 24, 2025, the defendant has requested early termination of her term of supervised release.

I.  **DISCUSSION**

Defendant Crawford's request to reduce her three-year term of supervised release should be denied. Her request is not legally cognizable, and the articulated bases for her request do not justify shortening her well-earned sentence.

A. **The Requested Relief is Not Permitted**

Defendant Crawford's plea agreement does not permit her to seek the relief she now seeks. Her plea agreement contained her waiver of her right to seek collateral relief from the

sentence imposed by the Court, absent circumstances not present here. *See United States v. Damon*, 933 F.3d 269 (3d Cir. 2019) (appellate/collateral attack waiver provisions in written plea agreements cover requests for early termination of supervised release).

Furthermore, 18 U.S.C. § 3583(e) provides district courts with authority to grant early termination of supervised release "after the expiration of one year of supervised release." Defendant Crawford's request has been made before she has served even a single year of supervised release.

### B. The Requested Relief is Not Warranted

Defendant Crawford's service of her short period of incarceration, and her apparent compliance to date with the terms of supervised release, do not provide a basis for early termination of supervised release. Instead, they are merely what is expected. *See, e.g., United States v. Guilliatt*, 2005 WL 589354, *1 (E.D. Pa. 2005) ("The conduct cited by defendant in support of his Petition is commendable. However, it is nothing more than what is required under the terms of defendant's probation."). If simple compliance with the terms of the court's supervision were sufficient to justify early termination, "the exception would swallow the rule." *Id*; *see also United States v. Lohman*, 2007 WL 1430282, *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

Further, even if, as she claims, the defendant has been inspired by her short period of incarceration to give back to her community,[1] and is now getting married, that does not justify shortening her sentence. Indeed, her request for early termination so that she might travel on her honeymoon suggests she does not yet appreciate the gravity of her criminal

---

[1] Nothing in the terms of the defendant's supervised release would prohibit her – with permission from her probation officer - from travelling or serving her community while on supervised release.

offenses.

### III.    CONCLUSION

Ms. Crawford is on supervised release because she committed serious crimes. Her supervised release term was entirely appropriate, and her request to shorten it is not only premature and barred by the terms of plea agreement, but unjustified. Her request to shorten her sentence should be denied.

                          Respectfully submitted,

                          DAVID METCALF
                          United States Attorney

                          */s/ Bea Witzleben*
                          BEA L. WITZLEBEN
                          JASON D. GRENELL
                          ANTHONY CARISSIMI
                          Assistant United States Attorneys

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was sent via __first class mail__ to the following:

Marita Crawford, *pro se*

                                        *Bea L. Witzleben*
                                        BEA L. WITZLEBEN
                                        Assistant United States Attorney

Dated: March 19, 2025